IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON B. GROSS,<br><br>                Petitioner,<br><br>      vs.<br><br>HAROLD GRAHAM, Superintendent,<br>Auburn Correctional Facility,<br><br>                Respondent. | No. 9:14-cv-00768-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 35, 48] |

       This Court denied Gordon B. Gross, a New York state prisoner represented by counsel, habeas relief and a certificate of appealability. Docket Nos. 29, 30. After the Second Circuit Court of Appeals granted a certificate of appealability, 2d Cir. Case No. 16-3220, Docket No. 50, Gross moved in the appellate court to supplement the record with new evidence in support of his claim of actual innocence, *id.*, Docket No. 99. The Second Circuit denied the motion to supplement, but held the appeal in abeyance to allow Gross to file in this Court a motion for: 1) reopening of the case under Federal Rule of Civil Procedure 60(b); and 2) either an indicative ruling that, if jurisdiction were restored to this Court, the Court would grant the Rule 60(b) motion or an indicative ruling that the motion raises a substantial issue. *Id.*, Docket No. 143. Gross now moves in this Court to reopen the case and for an indicative ruling. Docket No. 35. Gross also requests that the Court file under seal in this case a hard copy of the Appendix that he submitted to the Second Circuit on appeal. Docket No. 48.

## I.  LEGAL STANDARDS

It is well-settled that, in general, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Federal Rule of Civil Procedure 62.1(a) addresses motions for relief that are barred by a pending appeal and provides that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

*See also* 12 James W. Moore et al., MOORE'S FEDERAL PRAC. § 62.1.10[2] ("The rules governing indicative-ruling procedure . . . apply only if a pending appeal bars the district court from granting the relief sought in a postjudgment motion.").  If the district court issues under Rule 62.1(a)(3) an indicative ruling that it would either grant the motion or that there is a substantial issue, "the movant must promptly notify the circuit clerk" pursuant to Rule 12.1.  FED. R. CIV. P. 62.1(b).

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances.  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  The rule provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it prospectively
> is no longer equitable; or
>    (6) any other reason that justifies relief.

The decision whether to grant relief under Rule 60(b) is a matter of the district court's discretion. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Likewise, a Rule 60(b) motion is subject to AEDPA's restrictions on second or successive petitions when the motion seeks to present newly discovered evidence, add a new claim for relief, attack the resolution of a claim on its merits, or vacate a judgment based on a subsequent change in the law. *Gonzalez*, 545 U.S. at 531. That bar does not apply, however, if the motion seeks only to address a defect in the integrity of the federal habeas proceedings. *Id.* at 532. "Put another way, a motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013).

## II. DISCUSSION

Respondent urges the Court to deny Gross's motion to reopen the proceedings and for an indicative ruling on the ground that any Rule 60(b) motion would be procedurally barred by the AEPDA's restrictions on second or successive habeas corpus petitions.[1] With respect to federal habeas petitions, a Rule 60(b) motion may not be used to "make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or

---

[1] Because the Court finds that the AEDPA's bar on second or successive petitions is dispositive in this case, the Court declines to address Respondent's other arguments.

successive habeas corpus petitions" set forth in 28 U.S.C. § 2244(b). *Jones*, 733 F.3d at 833 (quoting *Calderon v. Thompson*, 523 U.S. 538 (1998)) (internal quotation marks omitted). There is no "bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive [§ 2254] motion." *Id.* at 834 (quoting *Washington*, 653 F.3d at 1060). "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Id.* at 834 (citing *Gonzalez*, 545 U.S. at 532 n.5). Specifically, the Supreme Court has listed "a motion . . . seek[ing] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied" as a type of "claim[]" that might be presented in a Rule 60(b) motion but would nonetheless be subject to the restrictions of § 2244(b). *See Gonzalez*, 545 U.S. at 531. The Court explained:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).

*Id.*

Under this authority, the Court lacks jurisdiction to grant a motion to vacate, which would be premised on new evidence in support of a claim that this Court already denied on the merits. Gross nonetheless argues that a motion to vacate would be reviewable by this Court because he has made a valid showing of actual innocence. Pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995), a claim of actual innocence serves as a "gateway" through which a habeas petitioner

4

may have his otherwise untimely or procedurally barred claims heard, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-36 (2013).  Although AEDPA provides an actual innocence exception to the bar on claims raised in successive petitions, *see* 28 U.S.C. § 2244(b)(2)(B), this "gateway" is narrower than the one set forth in *Schlup*.  *See id.* at 1933-34 (describing the actual innocence exception contained in § 2244(b)(2)(B) as more "constrained" than the miscarriage of justice exception set forth in *Schlup*).  As the Ninth Circuit Court of Appeals has observed:

> "The AEDPA requirements for a second of successive application are stricter than the *Schlup* standard in two ways . . . .  There is no requirement under *Schlup* that the factual claim was not discoverable through the exercise of due diligence.  Second . . . [,] *Schlup* requires only that an applicant show that it is 'more likely than not' that no reasonable fact-finder would have found him guilty.").

*Ferranti v. United States*, No. 05-cv-5222, 2010 WL 307445, at *11 (E.D.N.Y. Jan. 26, 2010) (quoting *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004)).

Furthermore, the Second Circuit has held that even if a petitioner can qualify for an exception to AEDPA's bar on successive petitions, such as the actual innocence exception, he must still seek permission from the Second Circuit before filing his petition in the district court. *See Torres v. Senkowski*, 316 F.3d 147, 154 (2d Cir. 2003) (holding that, "regardless of the applicable substantive standard, AEDPA requires all second and successive habeas applications to be authorized by the appropriate court of appeals").  The record indicates that, although the Second Circuit has allowed Gross to move to reopen his case before this Court, the appellate court has not specifically authorized Gross to present new evidence or otherwise indicated that Gross was exempt from the AEDPA's bar on successive petitions.  Permitting the Rule 60(b) motion here would circumvent the requirement that a second or successive petition may be brought only if the Court of Appeals certifies that it falls within an exception to the prohibition

of second or successive petitions in 28 U.S.C. § 2244(b). Putting aside whether Gross's new evidence reaches the thresholds described above, the proper vehicle for presenting that evidence is not a Rule 60(b) motion, but rather an application to the Court of Appeals for permission to file such a second or successive petition. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). Accordingly, because the Court is without jurisdiction to grant a motion to vacate, Gross's motion to reopen the proceedings and for an indicative ruling must be denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED THAT** the motion to reopen the proceedings and for an indicative ruling at Docket No. 35 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion to file the appendix under seal at Docket No. 48 is **DENIED** as **MOOT.**

Dated: February 2, 2018.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
